UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

TYLER BUEFORD,

   Plaintiff,

v.

NATIONAL RECOVERIES, INC.

   Defendant.

Case No. 7:19-cv-00275

## COMPLAINT

NOW COMES Plaintiff, TYLER BUEFORD, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, NATIONAL RECOVERIES, INC. as follows:

### NATURE OF THE ACTION

1.    Plaintiff is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5.    TYLER BUEFORD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 4315 Neely Avenue, Midland, Texas 79707.

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. NATIONAL RECOVERIES, INC. ("Defendant") is a foreign corporation with its principal place of business located in Ham Lake, Minnesota.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "person" as defined by U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7382.

15. At all times relevant, Plaintiff's number ending in 7382 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. Plaintiff obtained student loan(s) through the United States Department of Education.

18. As result of unexpected financial hardship, Plaintiff fell into default.

19. Plaintiff's delinquent educational loan obligation was transferred to Defendant for collection.

20. This obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an *unpaid* obligation to pay money arising out of a transaction in which the money which is the subject of the transaction are primarily for personal, family, or household purposes.

21. This obligation is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

22. Two years ago, Plaintiff started to receive phone calls from Defendant seeking to collect payment on Plaintiff's unpaid account balance.

23. On multiple occasions, Plaintiff answered.

24. Each time Plaintiff answered, Plaintiff was greeted by noticeable pause and was forced to say "*Hello, Hello, Hello*" prior to being connected to Defendant's representative.

25. On multiple occasions, Plaintiff informed Defendant that he isn't able to make payments.

26. Moreover, Plaintiff explicitly instructed Defendant to stop calling.

27. Regrettably, these phone calls continued.

28. Plaintiff continues to receive phone calls today.

29. All in all, Plaintiff has received no less than 50 additional *unconsented-to* phone calls from Defendant

30. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental

anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

31. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

32. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692d**

34. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

35. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's multiple requests that Defendant stop calling.

36. Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

37. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)   any actual damage sustained by such person as a result of such failure;

(2)
    (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.   a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.   an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.   an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.   an award of such other relief as this Court deems just and proper.

## COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Defendant placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

40. Upon information and belief, based on the clear pause Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

41. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

42. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

43. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

44. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.302

47. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

48. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's multiple requests that Defendant stop calling.

49. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

> (a) A person may sue for:
>
>> (1) injunctive relief to prevent or restrain a violation of this chapter; and
>>
>> (2) actual damages sustained as a result of a violation of this chapter.
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 26, 2019                                Respectfully submitted,

**TYLER BUEFORD**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com